Liza M. Walsh
Selina M. Ellis
Christine P. Clark
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel: (973) 757-1100

*Attorneys for Plaintiffs Teva Branded
Pharmaceutical Products R&D, Inc., Norton
(Waterford) Ltd., and Teva Pharmaceuticals
USA, Inc.*

Gregory D. Miller
Timothy P. Gonzalez
RIVKIN RADLER LLP
25 Main Street
Court Plaza North, Suite 501
Hackensack, New Jersey 07601
Telephone: (201) 287-2460

*Attorneys for Defendant for Defendant
Deva Holding A.S. (a/k/a Deva Holdings
A.S.)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., NORTON (WATERFORD) LTD., and TEVA PHARMACEUTICALS USA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DEVA HOLDING A.S. (A/K/A DEVA HOLDINGS A.S.),<br><br>Defendant. | Civil Action No. 2:24-cv-04404-SRC-MAH<br><br>*Electronically Filed* |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to Local Patent Rule 4.3 and the Court's Scheduling Order (D.E. 33), Plaintiffs

Teva Branded Pharmaceutical Products R&D, Inc., Norton (Waterford) Ltd., and Teva

Pharmaceuticals USA, Inc. (collectively, "Teva" or "Plaintiffs") and Defendant Deva Holding

A.S. a/k/a Deva Holdings A.S. ("Deva" or "Defendant") hereby submit their Joint Claim

Construction and Prehearing Statement ("JCCS").

## I.    BACKGROUND

This Hatch-Waxman case arises out of Deva's submission of Abbreviated New Drug Application ("ANDA") No. 213818  to the U.S. Food and Drug Administration seeking approval to market a generic version of ProAir® HFA (albuterol sulfate) Inhalation Aerosol ("Deva ANDA Product") prior to the expiration of U.S. Patent Nos. 8,132,712 ("the '712 patent"), 9,463,289 ("the '289 patent"), 9,808,587 ("the '587 patent"), 10,022,509 ("the '509 patent"), 10,022,510 ("the '510 patent"), 10,086,156 ("the '156 patent"), 10,561,808 ("the '808 patent"), 10,695,512 ("the '512 patent"), and 11,395,889 ("the '889 patent") (collectively, "the Patents-in-Suit").  Teva is asserting the following claims against Deva:  claims 1, 2, and 4–8 of the '289 patent; claims 1, 2, 4–8, 11, and 12 of the '587 patent; claims 1, 2, 5, 7, and 9–11 of the '156 patent; and claims 1 and 27–29 of the '808 patent (collectively, "the Asserted Claims").[1]  Deva alleges that the Asserted Claims are invalid and/or not infringed.

Pursuant to Local Patent Rule 4.1, on November 14, 2024, the parties exchanged proposed terms for construction for the Asserted Claims.  Pursuant to Local Patent Rules 4.2(a)-(b), on December 12, 2024, the parties exchanged preliminary claim constructions and identified intrinsic as well as extrinsic evidence in support of their preliminary claim constructions for the Asserted Claims.  On December 20, 2024, and in accordance with Local Patent Rule 4.2(c), Teva exchanged its identification of intrinsic and extrinsic evidence that it may rely upon to oppose Deva's proposed constructions; Deva did not identify any additional evidence for the December 20 exchange.  Throughout these exchanges, and continuing throughout the filing of this JCCS, the parties have met and conferred in good faith to narrow the issues and narrow the number of disputed claim terms.  As reflected below, the parties (i) have reached agreement with respect to

---

[1] These are the Asserted Claims identified in Plaintiffs' Infringement Contentions, dated November 14, 2024.

the construction of 19 claim terms, (ii) have reached a stipulation on the construction for 4 claim

terms disputed in another pending litigation, and (iii) dispute 8 additional claim terms.

## II.      CONSTRUCTION OF PATENT TERMS

### A.      Agreed-Upon Constructions

Pursuant to Local Patent Rule 4.3(a), the parties agree to the construction of the terms set

forth below for purposes of this action.  Teva does not suggest or otherwise concede that these

constructions would be appropriate outside the context of this litigation.

### 1.   Table of Agreed-Upon Constructions for 19 Claim Terms

| No. | Claim Term | Patent(s) / Claim(s) | Agreed-Upon Construction |
|---|---|---|---|
| 1 | "canister housing" | '289 patent, claim 1<br><br>'587 patent, claims 1, 12 | "the portion of the inhaler body that is arranged to retain a medicament canister" |
| 2 | "inside surface" | '289 patent, claims 4, 6-8<br><br>'587 patent, claims 4, 6-8 | "an interior surface" |
| 3 | "canister support formation" | '289 patent, claims 1, 4<br><br>'587 patent, claims 1, 4, 11, 12 | "a formation arranged to reduce canister rocking" |
| 4 | "main surface of the inner wall" | '289 patent, claim 1<br><br>'587 patent, claims 1, 12 | "inside surface of the vertical cylindrical portion of the inhaler body, where vertical means substantially parallel to the primary direction of the movement of the medicament canister when it is pressed downward by the user to expel medicament" |
| 5 | "inner wall" | '289 patent, claims 1, 4 | "an internal wall of the inhaler body, which includes a main surface of the inner wall and the inner wall through which a portion of the actuation |

| No. | Claim Term | Patent(s) / Claim(s) | Agreed-Upon Construction |
|---|---|---|---|
|  |  | '587 patent, claims 1, 4, 11, 12 | member extends, but excludes the bottom surface, or floor, of the inhaler body" |
| 6 | "actuation member" | '289 patent, claim 1<br><br>'587 patent, claims 1, 11, 12 | "a component of the dose counter's actuator that transmits motion from the canister to the actuator" |
| 7 | "step[(s)] formed thereon" | '289 patent, claims 5, 8<br><br>'587 patent, claims 5, 8 | "a location of changing width dimension thereon" |
| 8 | "protects against unwanted actuation of the dose counter by reducing rocking of the medicament canister relative to the main body of the inhaler" | '587 patent, claim 1 | "guards against unwanted actuation by reducing rocking of the medicament canister relative to the main body of the inhaler that would otherwise be of a magnitude sufficient to move the dose counter's actuator enough to cause unwanted incrementing (or decrementing) of the dose counter"[2] |
| 9 | "protects against dose count errors by reducing rocking of the medicament canister towards or away from the actuation member" | '587 patent, claim 12 | "guards against dose count errors, including the dose counter counting a dose when the medicament canister did not fire and the dose counter not counting a dose when the medicament canister did fire, by reducing rocking of the medicament canister towards or away from the actuation member" |
| 10 | "regulator" | '808 patent, claims 1, 27 | "a structure of the dose counter that modulates motion of the counter display" |
| 11 | "regulate motion of the counter display" | '808 patent, claim 1 | "modulate motion of the counter display" |

---

[2] The parties agree to this construction without conceding or agreeing to the proper construction of the term "incrementally" for claim 1 of the '808 patent, which the parties dispute.

| No. | Claim Term | Patent(s) / Claims(s) | Agreed-Upon Construction |
|---|---|---|---|
| 12 | "first direction" | '808 patent, claim 1 | "single direction at a time" |
| 13 | "A dose counter for a metered dose inhaler" | '156 patent, claim 1 | The preamble is limiting.<br><br>"A dose counter used in connection with a metered dose inhaler"[3] |
| 14 | "a metered dose inhaler" | '156 patent, claim 1 | The preamble is limiting.<br><br>"a metered dose inhaler containing an active drug capable of being dispensed via the inhaler to the lungs" |
| 15 | "medicament canister containing an active drug" | '156 patent, claim 1 | The preamble is limiting.<br><br>"a canister containing an active drug capable of being dispensed via the inhaler to the lungs" |
| 16 | "first reset position" | '156 patent, claim 1 | "a position of the actuator in which the actuator pawl is brought into engagement with the first tooth of the ratchet wheel and which is before the fire configuration" |
| 17 | "canister fire sequence" | '156 patent, claims 1, 5 | "a series of configurations or positions that occur during the process of ejecting medicament from an inhaler where the actuator pawl follows a particular sequence of movement from the first reset position, to the canister fire configuration, and then to the count configuration" |
| 18 | "canister fire configuration" | '156 patent, claims 1, 2 | "a configuration of the dose counter in which the medicament canister fires medicament" |

---

[3] The parties agree to this construction without conceding or agreeing to the proper construction of the term "[a or A] dose counter", which the parties dispute.

| No. | Claim Term | Patent(s) / Claim(s) | Agreed-Upon Construction |
|---|---|---|---|
| 19 | "count configuration" | '156 patent, claims 1, 2 | "a configuration of the dose counter whereby the dosage indicator has indicated a count"[4] |

### 2.  Stipulation for 4 Claim Terms Disputed in Other Pending Litigation

The four claim terms below are disputed by Teva in the ongoing litigation captioned *Teva Branded Pharmaceutical Products R&D, Inc. v. Amneal Pharmaceuticals of New York, LLC*, 23-cv-20964 (D.N.J.) ("the Amneal Litigation").  The Court addressed these four terms in the Amneal Litigation in its Opinion & Order, dated November 4, 2024 (D.E. 124, 23-cv-20964) ("Claim Construction Order").  Teva respectfully maintains that its proposed constructions for these four terms are correct.  In the interest of judicial economy, Teva and Deva have agreed not to relitigate these terms in this present action ("the Deva Litigation") with the following conditions:  (1) the parties adopt the full claim construction record on these four terms from the Amneal Litigation, including the Joint Claim Construction and Prehearing Statement and the parties' *Markman* briefing; (2) Teva expressly reserves all rights in both the Deva Litigation and the Amneal Litigation to appeal the construction of these four terms in the Claim Construction Order and any subsequent opinions; and (3) the parties agree that the Court's Claim Construction Order will govern in the Deva Litigation until the earlier of (i) a ruling from the Federal Circuit regarding the construction of those terms in the Amneal Litigation or (ii) an appeal of the construction of those terms in the Deva Litigation.

| No. | Claim Term | Patent(s) / Claim(s) |
|---|---|---|
| 1 | "An inhaler for metered dose inhalation" | '289 patent, claim 1 |

---

[4] The parties agree to this construction without conceding or agreeing to the proper construction of the term "indicated a count" for claim 1 of the '156 patent, which the parties dispute.

| No. | Claim Term | Patent(s) / Claim(s) |
|---|---|---|
| | | '587 patent, claims 1, 12 |
| 2 | "medicament canister" | '289 patent, claims 1, 2<br><br>'587 patent, claims 1, 2, 12 |
| 3 | "A dose counter for an inhaler" | '808 patent, claim 1 |
| 4 | "an inhaler" | '808 patent, claim 1 |

**B.    Disputed Constructions for 8 Claim Terms**

Pursuant to Local Patent Rule 4.3(b), attached hereto as Exhibit A is a claim chart identifying the claim terms in dispute, the parties' proposed constructions, and the evidence (both intrinsic and extrinsic) that each party intends to rely on in support of its proposed construction or to oppose the other party's proposed construction. Included in the below table is a summary of the disputed claim terms, their corresponding asserted claim numbers, and the parties' proposed constructions. The parties will supplement this JCCS if they are able to reach agreement on any additional terms.

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| 1 | "[lying or lie] in a common plane coincident with the longitudinal axis X"<br><br>'289 patent, claim 1<br><br>'587 patent, claims 1, 11, 12 | Plain and ordinary meaning in view of the claims, specification, and prosecution history, which is:<br><br>for '289 patent, claim 1; '587 patent, claims 1, 12<br><br>"aligned in a single plane such that a straight line can be drawn through the center | [lying or lie] at separate locations of the plane (an imaginary flat surface) that includes the imaginary longitudinal axis X |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | of the central outlet port, the canister support formation, and the actuation member" / for '587 patent, claim 11 "aligned in a single plane such that a straight line can be drawn through the center of the central outlet port, the first inner wall canister support formation, the second inner wall canister support formation, and the actuation member" | |
| 2 | "first station" '808 patent, claim 1 | Plain and ordinary meaning in view of the claims, specification, and prosecution history, which is: "a first region" | A first position or point |
| 3 | "second station" '808 patent, claim 1 | Plain and ordinary meaning in view of the claims, specification, and prosecution history, which is: "a second region" | A second position or point |
| 4 | "count pawl" '156 patent, claims 1, 9, 10 | Plain and ordinary meaning in view of the claims, specification, and prosecution history, which is: "a pawl that is part of the dose counter, separate from an actuator pawl, that is | A pawl structure that has the function of advancing the indexing spool to change the count shown to the user |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| | | arranged to engage with a second tooth of the rachet wheel" | |
| 5 | "[a or A] dose counter"<br><br>'289 patent, claim 1<br><br>'587 patent, claims 1, 12<br><br>'808 patent, claim 1<br><br>'156 patent, claims 1, 2, 5, 7, 9, 10 | Plain and ordinary meaning in view of the claims, specification, and prosecution history, which is:<br><br>for '289 patent, claim 1; '587 patent, claims 1, 12:<br><br>"a component of the inhaler that tracks the number of doses of medicament dispensed by the inhaler and communicates the doses of medicament remaining in the inhaler"<br><br>for '808 patent, claim 1; '156 patent, claims 1, 2, 5, 7, 9, 10:<br><br>The preamble is limiting.<br><br>"a component of the inhaler that tracks the number of doses of medicament dispensed by the inhaler and communicates the doses of medicament remaining in the inhaler" | A device that is designed to provide a count of the number of doses to the user each time the canister has fired, but will not change the count when the canister has not fired. |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| 6 | "positioned at opposite ends of the inside surface of the main body to face each other"<br><br>'289 patent, claim 7<br><br>'587 patent, claim 7 | Consistent with the Court's *Markman* Opinion in 20-cv-10172 (D.N.J.) (D.E. 217 at 9-10), Teva proposes that no construction is necessary for this term.<br><br>To the extent the Court finds a construction is necessary, Teva proposes: "located on opposite sides from one another on the inside surface of the main body, and extending outwardly from the inner wall towards each other" | Located at two points of the inside surface, and either perpendicular to the inside surface, or with a maximal distance from each other |
| 7 | "indicated a count"<br><br>'156 patent, claim 1 | Plain and ordinary meaning in view of the claims, specification, and prosecution history, which is:<br><br>"indicated a dose of medicament has been fired" | Showed a numeric value of the exact doses remaining in the canister to the user |
| 8 | "incrementally"<br><br>'808 patent, claim 1 | Plain and ordinary meaning in view of the claims, specification, and prosecution history, which is:<br><br>"in regulated amounts" | Adding to or decreasing, but in one direction, the count with each firing of the canister |

### C.    Claim Terms Whose Construction Will Be Most Significant to the Resolution of the Case

Pursuant to Local Patent Rule 4.3(c), the parties do not believe that the construction of any of the disputed terms will be case dispositive or substantially conducive to promoting settlement.

**D.    Anticipated Length of Time Necessary for the Claim Construction Hearing**

Pursuant to Local Patent Rule 4.3(d), the parties anticipate and respectfully request five hours, split evenly between the sides, for the Claim Construction Hearing.  To the extent the Court allocates a different amount of time for the hearing, the parties respectfully request that the allocated time be split evenly between the sides.

**E.    Identification of Witnesses for the Claim Construction Hearing**

Pursuant to Local Patent Rule 4.3(e), the parties do not intend to call any witnesses at the Claim Construction Hearing.

Dated:  January 10, 2025

/s/ Liza M. Walsh
Liza M. Walsh (lwalsh@walsh.law)
Selina M. Ellis (sellis@walsh.law)
Christine P. Clark (cclark@walsh.law)
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel: (973) 757-1100

OF COUNSEL:

Daryl L. Wiesen
(DWiesen@goodwinlaw.com)
Christopher T. Holding
(CHolding@goodwinlaw.com)
Louis L. Lobel
(LLobel@goodwinlaw.com)
Thomas V. McTigue IV
(TMcTigue@goodwinlaw.com)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Natasha E. Daughtrey
(NDaughtrey@goodwinlaw.com)
GOODWIN PROCTER LLP
601 South Figueroa Street
Los Angeles, CA 90017
(213) 426-2642

Annaka Nava
(ANava@goodwinlaw.com)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4000

*Attorneys for Plaintiffs Teva Branded
Pharmaceutical Products R&D, Inc., Norton
(Waterford) Ltd., and Teva Pharmaceuticals
USA, Inc.*

/s/ Gregory D. Miller
Gregory D. Miller
Timothy P. Gonzalez
RIVKIN RADLER LLP
25 Main Street
Court Plaza North, Suite 501
Hackensack, New Jersey 07601
Telephone: (201) 287-2460
Facsimile: (201) 489-0495
Gregory.Miller@rivkin.com
Timothy.Gonzalez@rivkin.com

OF COUNSEL:

Shashank Upadhye (admitted *pro hac vice*)
Yixin Tang (admitted *pro hac vice*)
Brent Batzer (admitted *pro hac vice*)
UPADHYE TANG LLP
109 Symonds Drive, #174
Hinsdale, Illinois 60522
Telephone: (312) 598-2610
Shashank@ipfdalaw.com
Yixin@ipfdalaw.com
Brent@ipfdalaw.com

*Attorneys for Defendant Deva Holding A.S.
(a/k/a Deva Holdings A.S.)*

**EXHIBIT A – DISPUTED CONSTRUCTIONS AND EVIDENCE IDENTIFIED
UNDER LOCAL PATENT RULES 4.2(b) AND 4.2(c)**

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| 1 | "[lying or lie] in a common plane coincident with the longitudinal axis X"<br><br>'289 patent, claim 1<br><br>'587 patent, claims 1, 11, 12 | Plain and ordinary meaning in view of the claims, specification, and prosecution history, which is:<br><br>for '289 patent, claim 1; '587 patent, claims 1, 12<br><br>"aligned in a single plane such that a straight line can be drawn through the center of the central outlet port, the canister support formation, and the actuation member"<br><br>/<br><br>for '587 patent, claim 11<br><br>"aligned in a single plane such that a straight line can be | [lying or lie] at separate locations of the plane (an imaginary flat surface) that includes the imaginary longitudinal axis X | The '289 patent, including:<br>• Claim 1<br>• Abstract<br>• 6:50-63<br>• 11:4-12:8<br>• 15:33-53<br>• Figs. 7A-D<br><br>The '587 patent, including:<br>• Claims 1, 11, 12, 21, 22<br>• Abstract<br>• 6:54-6:67<br>• 11:4-12:10<br>• 15:34-54<br>• Figs. 7A-D<br><br>Prosecution file history of U.S. Application No. 14/103,324, including:<br>• Original claims (Dec. 11, 2013) | '289 patent, including, but not limited to:<br>• Fig. 7<br>• 6:34-67<br>• 15:33-16:3<br><br>'587 patent, including, but not limited to those corresponding to the '289 patent disclosure listed above<br><br>Prosecution file history of the '289 and '587 patents<br><br>Defendant may also rely on the references cited in the patents-in-suit, as well as prior art discussed during prosecution of the patents-in-suit. |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | drawn through the center of the central outlet port, the first inner wall canister support formation, the second inner wall canister support formation, and the actuation member" | | <ul><li>Office action (Aug. 10, 2015)</li><li>Amendment and response (Nov. 4, 2015)</li><li>Final rejection (Dec. 7, 2015)</li><li>Amendment and response, 1-7 (Mar. 7, 2016)</li><li>Notice of allowance/allowability, 2-3 (May 20, 2016)</li></ul>Prosecution file history of U.S. Application No. 13/110,532, including:<ul><li>Original claims (May 18, 2011)</li><li>Office action (June 28, 2013)</li><li>Amendment and response (Sept. 26, 2013)</li></ul>Joint Claim Construction and | Defendant may also rely on any evidence identified by Plaintiffs.<br><br>Contentions: Defendant's Invalidity Contentions, dated September 30, 2024, including any references cited therein<br><br>Extrinsic Evidence: Defendant may introduce testimony from one or more experts supporting this claim term. Pursuant to L. Pat. R. 4.5, Defendant may provide any expert certifications and/or declarations with its opening and/or responding Markman briefs. The expert(s) may offer opinions as to the technology, state of the art, and the meaning of this claim term as it would have |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | Prehearing Statement, ECF No. 102-1, at Ex. A, 7-10, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20-10172 (D.N.J. July 6, 2021)<br><br>Markman Opinion, ECF No. 217, at 6-8, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20-10172 (D.N.J. Nov. 11, 2022)<br><br>Markman Order, ECF No. 218, at 2, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20-10172 (D.N.J. Nov. 11, 2022)<br><br>Joint Claim Construction and Prehearing Statement, ECF No. 111-1, at Ex. A, 4, *Teva Branded Pharm. Prods. R&D,* | been understood by a person of ordinary skill in the art at the time the asserted patents were filed, consistent with Defendant's proposal, the intrinsic record, and other extrinsic evidence known to the expert and other experts in the relevant field such as scientific publications, treatises, and/or dictionaries. The expert(s) may also provide opinions to rebut the opinions of Plaintiffs' expert(s). |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | *Inc. v. Amneal Pharms. of NY, LLC*, No. 23-cv-20964 (D.N.J. July 10, 2024) **Additional Evidence Identified Pursuant to L. Pat. R. 4.2(c)** Intrinsic Evidence <br>• Evidence cited or relied upon by Teva in its December 12, 2024 identification of preliminary claim constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b). <br>• Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and December 20, 2024 | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c). <u>Extrinsic Evidence</u><br>• Evidence cited or relied upon by Teva in its December 12, 2024 identification of preliminary claim constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b).<br>• Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and December 20, 2024 identifications of constructions and evidence pursuant | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | to L. Pat. R. 4.2(a)-(c). <br><br> • Defendant's Non-Infringement Contentions, including materials cited. <br><br> • Defendant's Invalidity Contentions, including materials cited. <br><br> • Defendant's Notice Letter. <br><br> • Defendant's Interrogatory Responses. <br><br> • Expert opinions and/or testimony regarding how a person of ordinary skill in the art would understand the meaning of this term based on the disclosures in the patent specification, other intrinsic evidence, | |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | and the parties' extrinsic evidence. | |
| 2 | "first station"<br><br>'808 patent, claim 1 | Plain and ordinary meaning in view of the claims, specification, and prosecution history, which is:<br><br>"a first region" | A first position or point | The '808 patent, including:<br>• Claims 1, 2, 4, 23<br>• Abstract<br>• 2:44-3:3<br>• 3:50-53<br>• 11:4-12:10<br>• Figs. 1-26<br><br>Prosecution file history of U.S. Patent Application No. 15/262,818, including:<br>• Original claims 1, 2, 4, 23<br>• Office action 2 (Dec. 12, 2016)<br>• Response, claims 1, 2, 4, 23 (Mar. 15, 2017)<br>• Office action (Apr. 11, 2017)<br>• Response, claims 1, 2, 4, 23 (July 6, 2017) | '808 patent, including, but not limited to:<br>• 2:13-54<br>• 2:64-68<br><br>*The construction of this term is informed by the meaning of "a dose counter," "indicated a count," and "incrementally" terms, above. Therefore, all evidence pertaining to those terms can be used to support and elucidate the construction of "first station."*<br><br>Prosecution file history of the '808 patent<br><br>Defendant may also rely on the references cited in the patents-in-suit, as well as prior art |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <ul><li>Office action (July 19, 2017)</li><li>Response, amended claim 1, original claims 2, 4, 23 (Oct. 17, 2017)</li><li>Office action (Oct. 25, 2017)</li><li>Response (Jan. 19, 2018)</li><li>Appeal brief (May 21, 2018)</li><li>Examiner's answer (Aug. 7, 2018)</li><li>Reply brief (Oct. 4, 2018)</li><li>Patent Trial and Appeal Board decision (Sept. 20, 2019)</li></ul>Prosecution file history of U.S. Patent Application No. 14/699,584, including:<ul><li>Original claims 6, 7, 8, 10, 29</li><li>Office action (June 1, 2016)</li></ul> | discussed during prosecution of the patents-in-suit. Defendant may also rely on any evidence identified by Plaintiffs.<br><br>Contentions: Defendant's Invalidity Contentions, dated September 30, 2024, including any references cited therein<br><br>Extrinsic Evidence: Defendant may introduce testimony from one or more experts supporting this claim term. Pursuant to L. Pat. R. 4.5, Defendant may provide any expert certifications and/or declarations with its opening and/or responding Markman briefs. The expert(s) may offer opinions as to the technology, state |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <ul><li>Response, original claim 6 and amended claims 7, 29 (Sept. 1, 2016)</li><li>Office action (Oct. 20, 2016)</li><li>Response (Jan. 23, 2017)</li><li>Office action (Feb. 9, 2017)</li><li>Response, claims 7, 29 (Feb. 20, 2017)</li></ul>Prosecution file history of U.S. Patent Application No. 13/110,532, including:<ul><li>Original claim 19</li><li>Office action (May 9, 2013)</li><li>Response (June 7, 2013)</li><li>Office action (June 28, 2013)</li><li>Amended claim 19 (Sept. 26, 2013)</li><li>Office action (Oct. 10, 2013)</li></ul> | of the art, and the meaning of this claim term as it would have been understood by a person of ordinary skill in the art at the time the asserted patents were filed, consistent with Defendant's proposal, the intrinsic record, and other extrinsic evidence known to the expert and other experts in the relevant field such as scientific publications, treatises, and/or dictionaries. The expert(s) may also provide opinions to rebut the opinions of Plaintiffs' expert(s). |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | • Amended claim 19 (Nov. 27, 2013) <br> • Office action (Dec. 9, 2013) <br> • Office action 4 (July 1, 2014) <br> • Amended claim 19 (Sept. 30, 2014) <br> • Office action (Oct. 17, 2014) <br> • Amended claim 19 (Dec. 5, 2014) <br><br> Joint Claim Construction and Prehearing Statement, ECF No. 102-1, at Ex. A, 56-61, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20-10172 (D.N.J. July 6, 2021) <br><br> Markman Opinion, ECF No. 217, at 21-23, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20- | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|-----|-----|-----|-----|-----|
| | | | | 10172 (D.N.J. Nov. 11, 2022) Markman Order, ECF No. 218, at 3, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20-10172 (D.N.J. Nov. 11, 2022) Joint Claim Construction and Prehearing Statement, ECF No. 111-1, at Ex. A, 5, *Teva Branded Pharm. Prods. R&D, Inc. v. Amneal Pharms. of NY, LLC*, No. 23-cv-20964 (D.N.J. July 10, 2024) **Additional Evidence Identified Pursuant to L. Pat. R. 4.2(c)** Intrinsic Evidence • Evidence cited or relied upon by Teva in its | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|-----|-----|-----|-----|-----|
| | | | | December 12, 2024 identification of preliminary claim constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b). <br>• Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and December 20, 2024 identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c). <br><br>Extrinsic Evidence <br>• Evidence cited or relied upon by Teva in its December 12, 2024 identification of preliminary claim | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|----------------------------------|-----------------------------------|-----------------------------------|----------------------|----------------------|
|     |                                  |                                   |                                   | constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b). <br> • Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and December 20, 2024 identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c). <br> • Defendant's Non-Infringement Contentions, including materials cited. <br> • Defendant's Invalidity Contentions, including materials cited. |                      |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|--------------------------------|-----------------------------------|-----------------------------------|---------------------|---------------------|
| | | | | • Defendant's Notice Letter. <br> • Defendant's Interrogatory Responses. <br> • Expert opinions and/or testimony regarding how a person of ordinary skill in the art would understand the meaning of this term based on the disclosures in the patent specification, other intrinsic evidence, and the parties' extrinsic evidence. | |
| 3 | "second station" <br><br> '808 patent, claim 1 | Plain and ordinary meaning in view of the claims, specification, and prosecution history, which is: <br><br> "a second region" | A second position or point | The '808 patent, including: <br> • Claims 1, 2, 4, 23 <br> • Abstract <br> • 2:44-3:3 <br> • 3:50-53 <br> • 11:4-12:10 <br> • Figs. 1-26 | '808 patent, including, but not limited to: <br> • 2:13-54 <br><br> *The construction of this term is informed by the meaning of "a dose counter," "indicated a count,"* |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <u>Prosecution file history of U.S. Patent Application No. 15/262,818, including:</u><br>• Original claims 1, 2, 4, 23<br>• Office action 2 (Dec. 12, 2016)<br>• Response, claims 1, 2, 4, 23 (Mar. 15, 2017)<br>• Office action (Apr. 11, 2017)<br>• Response, claims 1, 2, 4, 23 (July 6, 2017)<br>• Office action (July 19, 2017)<br>• Response, amended claim 1, original claims 2, 4, 23 (Oct. 17, 2017)<br>• Office action (Oct. 25, 2017)<br>• Response (Jan. 19, 2018)<br>• Appeal brief (May 21, 2018) | *and "incrementally" terms, above. Therefore, all evidence pertaining to those terms can be used to support and elucidate the construction of "second station."*<br><br><u>Prosecution file history of the '808 patent</u><br><br>Defendant may also rely on the references cited in the patents-in-suit, as well as prior art discussed during prosecution of the patents-in-suit.<br><br>Defendant may also rely on any evidence identified by Plaintiffs.<br><br><u>Contentions:</u><br>Defendant's Invalidity Contentions, dated September 30, 2024, including any references cited therein |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <ul><li>Examiner's answer (Aug. 7, 2018)</li><li>Reply brief (Oct. 4, 2018)</li><li>Patent Trial and Appeal Board decision (Sept. 20, 2019)</li></ul><br>Prosecution file history of U.S. Patent Application No. 14/699,584, including:<ul><li>Original claims 6, 7, 8, 10, 29</li><li>Office action (June 1, 2016)</li><li>Response, original claim 6 and amended claims 7, 29 (Sept. 1, 2016)</li><li>Office action (Oct. 20, 2016)</li><li>Response (Jan. 23, 2017)</li><li>Office action (Feb. 9, 2017)</li><li>Response, claims 7, 29 (Feb. 20, 2017)</li></ul> | Extrinsic Evidence: Defendant may introduce testimony from one or more experts supporting this claim term. Pursuant to L. Pat. R. 4.5, Defendant may provide any expert certifications and/or declarations with its opening and/or responding Markman briefs. The expert(s) may offer opinions as to the technology, state of the art, and the meaning of this claim term as it would have been understood by a person of ordinary skill in the art at the time the asserted patents were filed, consistent with Defendant's proposal, the intrinsic record, and other extrinsic evidence known to the expert |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | Prosecution file history of U.S. Patent Application No. 13/110,532, including:<br>• Original claim 19<br>• Office action (May 9, 2013)<br>• Response (June 7, 2013)<br>• Office action (June 28, 2013)<br>• Amended claim 19 (Sept. 26, 2013)<br>• Office action (Oct. 10, 2013)<br>• Amended claim 19 (Nov. 27, 2013)<br>• Office action (Dec. 9, 2013)<br>• Office action 4 (July 1, 2014)<br>• Amended claim 19 (Sept. 30, 2014)<br>• Office action (Oct. 17, 2014)<br>• Amended claim 19 (Dec. 5, 2014) | and other experts in the relevant field such as scientific publications, treatises, and/or dictionaries. The expert(s) may also provide opinions to rebut the opinions of Plaintiffs' expert(s). |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|--------------------------------|-----------------------------------|-----------------------------------|----------------------|----------------------|
| | | | | Joint Claim Construction and Prehearing Statement, ECF No. 102-1, at Ex. A, 61-66, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20-10172 (D.N.J. July 6, 2021)<br><br>Markman Opinion, ECF No. 217, at 21-23, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20-10172 (D.N.J. Nov. 11, 2022)<br><br>Markman Order, ECF No. 218, at 3, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20-10172 (D.N.J. Nov. 11, 2022)<br><br>Joint Claim Construction and Prehearing Statement, | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | ECF No. 111-1, at Ex. A, 5, *Teva Branded Pharm. Prods. R&D, Inc. v. Amneal Pharms. of NY, LLC*, No. 23-cv-20964 (D.N.J. July 10, 2024)<br><br>**Additional Evidence Identified Pursuant to L. Pat. R. 4.2(c)**<br><br><u>Intrinsic Evidence</u><br>• Evidence cited or relied upon by Teva in its December 12, 2024 identification of preliminary claim constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b).<br>• Evidence cited or relied upon by Defendant, including the materials cited in | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|----------------------------------|-----------------------------------|-----------------------------------|----------------------|----------------------|
| | | | | Defendant's December 12 and December 20, 2024 identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c).<br><br>Extrinsic Evidence<br>• Evidence cited or relied upon by Teva in its December 12, 2024 identification of preliminary claim constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b).<br>• Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and December 20, 2024 | |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|----------|----------|----------|----------|----------|
|  |  |  |  | identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c).<br>• Defendant's Non-Infringement Contentions, including materials cited.<br>• Defendant's Invalidity Contentions, including materials cited.<br>• Defendant's Notice Letter.<br>• Defendant's Interrogatory Responses.<br>• Expert opinions and/or testimony regarding how a person of ordinary skill in the art would understand the meaning of this term based on the disclosures in the |  |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | patent specification, other intrinsic evidence, and the parties' extrinsic evidence. | |
| 4 | "count pawl" '156 patent, claims 1, 9, 10 | Plain and ordinary meaning in view of the claims, specification, and prosecution history, which is: "a pawl that is part of the dose counter, separate from an actuator pawl, that is arranged to engage with a second tooth of the rachet wheel" | A pawl structure that has the function of advancing the indexing spool to change the count shown to the user | The '156 patent, including: <br> • Claims 1, 9, 10 <br> • 3:57-60 <br> • 3:61-64 <br> • 5:66-6:6 <br> • 6:7-19 <br> • 11:4-12:10 <br> • 13:42-54 <br> • 13:55-14:10 <br> • 14:11-15 <br> • 14:16-26 <br> • 14:50-61 <br> • 14:62-15:14 <br> • 15:15-33 <br> • Figs. 6A-11, 14-20 <br><br> Prosecution file history of U.S. Patent Application No. 14/699,567, including: <br> • Amended claim 1 (Sept. 9, 2016) | '156 patent, including, but not limited to: <br> • Figs. 4, 10 <br> • 5:66-6:19 <br> • 10:59-11:2 <br> • 13:40-52 <br> • 14:9-39 <br> • 21:13-17 <br><br> Prosecution file history of the '156 patent <br><br> Defendant may also rely on the references cited in the patents-in-suit, as well as prior art discussed during prosecution of the patents-in-suit. Defendant may also rely on any evidence identified by Plaintiffs. |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <ul><li>Response 6-8 (Sept. 9, 2016)</li><li>Office action 2-12 (Oct. 20, 2016)</li><li>Amended claim 1 (Feb. 21, 2017)</li><li>Response 7-9 (Feb. 21, 2017)</li><li>Amended claim 1 (Apr. 20, 2017)</li><li>Response 6-9 (Apr. 20, 2017)</li><li>Office action 2-13 (May 22, 2017)</li><li>Amended claim 1 (Aug. 22, 2017)</li><li>Response 5-9 (Aug. 22, 2017)</li><li>Office action 2-15 (Sept. 13, 2017)</li><li>Amended claim 1 (Mar. 13, 2013)</li><li>Response 6-7 (Mar. 13, 2013)</li><li>Notice of allowability 2-3 (May 31, 2013)</li></ul> | <u>Contentions:</u> Defendant's Invalidity Contentions, dated September 30, 2024, including any references cited therein<br><br><u>Extrinsic Evidence:</u> Defendant may introduce testimony from one or more experts supporting this claim term. Pursuant to L. Pat. R. 4.5, Defendant may provide any expert certifications and/or declarations with its opening and/or responding Markman briefs. The expert(s) may offer opinions as to the technology, state of the art, and the meaning of this claim term as it would have been understood by a person of ordinary skill in the art at the time the asserted patents |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | Joint Claim Construction and Prehearing Statement, ECF No. 102-1, at Ex. A, 94-98, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20-10172 (D.N.J. July 6, 2021)<br><br>Markman Opinion, ECF No. 217, at 12-13, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20-10172 (D.N.J. Nov. 11, 2022)<br><br>Markman Order, ECF No. 218, at 2, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20-10172 (D.N.J. Nov. 11, 2022)<br><br>**Additional Evidence Identified Pursuant to L. Pat. R. 4.2(c)** | were filed, consistent with Defendant's proposal, the intrinsic record, and other extrinsic evidence known to the expert and other experts in the relevant field such as scientific publications, treatises, and/or dictionaries. The expert(s) may also provide opinions to rebut the opinions of Plaintiffs' expert(s). |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | Intrinsic Evidence<br>• Evidence cited or relied upon by Teva in its December 12, 2024 identification of preliminary claim constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b).<br>• Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and December 20, 2024 identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c).<br><br>Extrinsic Evidence | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | • Evidence cited or relied upon by Teva in its December 12, 2024 identification of preliminary claim constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b). <br> • Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and December 20, 2024 identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c). <br> • Defendant's Non-Infringement Contentions, including materials cited. | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <ul><li>Defendant's Invalidity Contentions, including materials cited.</li><li>Defendant's Notice Letter.</li><li>Defendant's Interrogatory Responses.</li><li>Expert opinions and/or testimony regarding how a person of ordinary skill in the art would understand the meaning of this term based on the disclosures in the patent specification, other intrinsic evidence, and the parties' extrinsic evidence.</li></ul> | |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| 5 | "[a or A] dose counter"<br><br>'289 patent, claim 1<br><br>'587 patent, claims 1, 12<br><br>'808 patent, claim 1<br><br>'156 patent, claims 1, 2, 5, 7, 9, 10 | Plain and ordinary meaning in view of the claims, specification, and prosecution history, which is:<br><br>for '289 patent, claim 1; '587 patent, claims 1, 12:<br><br>"a component of the inhaler that tracks the number of doses of medicament dispensed by the inhaler and communicates the doses of medicament remaining in the inhaler"<br><br>for '808 patent, claim 1; '156 patent, claims 1, 2, 5, 7, 9, 10:<br><br>The preamble is limiting.<br><br>"a component of the inhaler that tracks the number of doses of | A device that is designed to provide a count of the number of doses to the user each time the canister has fired, but will not change the count when the canister has not fired. | The '289 patent, including:<br>• Claims 1, 2<br>• Abstract<br>• 1:19-23<br>• 1:25-2:67, including WO 98/280733, EP-A-1486227, WO 2008/119552<br>• 4:30-5:13<br>• 5:26-58<br>• 6:20-58<br>• 7:26-35<br>• 7:61-8:4<br>• 8:27-47<br>• 9:12-49<br>• 10:41-58<br>• 11:5-12:8<br>• 12:13-37<br>• 13:10-22<br>• 13:40-52<br>• 14:25-59<br>• 15:14-32<br>• 16:54-17:11<br>• 19:1-18 | '289 patent, including, but not limited to:<br>• Figs. 6, 8<br>• 1:49-56<br>• 2:9-50<br>• 2:60-67<br>• 3:57-64<br>• 4:46-5:25<br>• 5:35-46<br>• 5:56-58<br>• 5:66-6:19<br>• 6:61-7:4<br>• 8:7-11<br>• 8:41-44<br>• 8:54-67<br>• 9:22-34<br>• 9:62-10:12<br>• 10:26-30<br>• 10:47-58<br>• 13:10-22<br>• 13:40-52<br>• 15:6-9<br>• 17:4-10<br>• 19:1-17<br>• 20:49-21:8 |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | medicament dispensed by the inhaler and communicates the doses of medicament remaining in the inhaler" | | • 20:14-21:32, including EP-A-1330280<br>• Figs. 1-26<br><br>The '587 patent, including:<br>• Claims 1, 2, 12, 13, 14<br>• Abstract<br>• 1:21-25<br>• 1:27-3:3, including WO 98/028033, EP-A-1486227, WO 2008/119552<br>• 4:34-5:18<br>• 5:31-63<br>• 6:24-63<br>• 7:30-39<br>• 7:65-8:8<br>• 8:31-51<br>• 9:15-52<br>• 10:42-59<br>• 11:5-12:10<br>• 12:15-39<br>• 13:12-24<br>• 13:42-54<br>• 14:27-61 | • Claims (all claims of the asserted patents)<br><br>'587, '808, and '156 patents, including, but not limited to those corresponding to the '289 patent disclosure listed above (all four asserted patents share a specification, but with different column and line numbers)<br><br>Prosecution file history of the '289, '587, '808, and '156 patents<br><br>Defendant may also rely on the references cited in the patents-in-suit, as well as prior art discussed during prosecution of the patents-in-suit. |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <ul><li>15:15-33</li><li>16:55-17:12</li><li>19:1-18</li><li>20:14-21:32, including EP-A-1330280</li><li>Figs. 1-26</li></ul><u>The '808 patent, including:</u><ul><li>Claims 1-29</li><li>Abstract</li><li>1:23-27</li><li>1:29-3:3, including WO 98/028033, EP-A-1486227, WO 2008/119552</li><li>4:34-5:17</li><li>5:31-63</li><li>6:24-62</li><li>7:30-39</li><li>7:65-8:8</li><li>8:31-51</li><li>9:15-52</li><li>10:42-58</li><li>11:5-12:10</li><li>12:15-39</li><li>13:12-24</li></ul> | Defendant may also rely on any evidence identified by Plaintiffs.<br><br><u>Contentions:</u> Defendant's Invalidity Contentions, dated September 30, 2024, including any references cited therein<br><br><u>Extrinsic Evidence:</u> Defendant may introduce testimony from one or more experts supporting this claim term. Pursuant to L. Pat. R. 4.5, Defendant may provide any expert certifications and/or declarations with its opening and/or responding Markman briefs. The expert(s) may offer opinions as to the technology, state of the art, and the meaning of this claim term as it would have |

| No. | Claim Term Patent(s) / Claims(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <ul><li>13:42-54</li><li>14:27-61</li><li>15:15-33</li><li>16:55-17:11</li><li>19:1-18</li><li>20:14-21:32, including EP-A-1330280</li><li>Figs. 1-26</li></ul><br>The '156 patent, including:<ul><li>Claims 1-11, 13</li><li>Abstract</li><li>1:19-23</li><li>1:25-2:67, including WO 98/028033, EP-A-1486227, WO 2008/119552</li><li>4:30-5:13</li><li>5:26-58</li><li>6:20-58</li><li>7:26-35</li><li>7:61-8:4</li><li>8:27-47</li><li>9:12-49</li><li>10:47-58</li></ul> | been understood by a person of ordinary skill in the art at the time the asserted patents were filed, consistent with Defendant's proposal, the intrinsic record, and other extrinsic evidence known to the expert and other experts in the relevant field such as scientific publications, treatises, and/or dictionaries. The expert(s) may also provide opinions to rebut the opinions of Plaintiffs' expert(s). |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|--------------------------------|-----------------------------------|-----------------------------------|---------------------|---------------------|
| | | | | • 11:5-12:8<br>• 12:15-39<br>• 13:12-24<br>• 13:42-54<br>• 14:27-61<br>• 15:15-33<br>• 16:55-17:11<br>• 19:1-18<br>• 20:14-21:32, including EP-A-1330280<br>• Figs. 1-26<br><br>Prosecution file history of U.S. Application No. 14/103,324, including:<br>• Original claims (Dec. 11, 2013)<br>• Information Disclosure Statement (Dec. 11, 2013)<br>• Information Disclosure Statement (March 10, 2014)<br>• Information Disclosure | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|----------------------------------|-----------------------------------|------------------------------------|----------------------|----------------------|
|     |                                  |                                   |                                    | Statement (Oct. 15, 2014)<br>• Information Disclosure Statement (March 18, 2015)<br>• Information Disclosure Statement (May 19, 2015)<br>• Office action (Aug. 10, 2015)<br>• Amendment and response (Nov. 4, 2015)<br>• Final rejection (December 7, 2015)<br>• Amendment and response (March 7, 2016)<br>• Information Disclosure Statement (April 11, 2016)<br>• Notice of allowance/allowability (May 20, 2016) |                      |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <u>Prosecution file history of U.S. Application No. 13/110,532, including:</u><br>• Original claims (May 18, 2011)<br>• Office action (June 28, 2013)<br>• Amendment and response (September 26, 2013)<br><br><u>Prosecution file history of U.S. Application No. 15/269,249, including:</u><br>• Original claims (Sep. 19, 2016)<br>• Office action (Feb. 7, 2017)<br>• Amendment and response (May 5, 2017)<br>• Notice of allowance/allowability (June 28, 2017) | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
|  |  |  |  | Prosecution file history of U.S. Application No. 15/262,818, including:<br>• Original claims (Sep. 12, 2016)<br>• Non-final rejection (December 16, 2016)<br>• Amendment and response (March 15, 2017)<br>• Office action (July 19, 2017)<br>• Reply to office action (Oct. 17, 2017)<br>• Advisory action before the filing of an appeal brief (Oct. 25, 2017)<br>• Appellant's brief (May 21, 2018)<br>• Examiner's answer to appeal brief (Aug. 7, 2018)<br>• Reply brief (Oct. 4, 2018) |  |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | • Patent board decision (Sep. 20, 2019)<br>• Notice of allowance/allowability (Oct. 2, 2019)<br><br>Prosecution file history of U.S. Application No. 14/699,567, including:<br>• Original claims (April 29, 2015)<br>• Office action (June 17, 2016)<br>• Amendment and response (Sep. 9, 2016)<br>• Office action (Oct. 20, 2016)<br>• Amendment and response (Feb. 21, 2017)<br>• Office action (May 22, 2017)<br>• Amendment and response (Aug. 22, 2017) | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | • Office action (Sep. 13, 2017) <br> • Amendment and response (March 13, 2018) <br> • Notice of allowance/allowability (May 31, 2018) <br><br> "Guidance for Industry Integration of Dose-Counting Mechanisms into MDI Drug Products", Food and Drug Administration (March 2003) [DEVA_ALBUT_0142 222] <br><br> **Additional Evidence Identified Pursuant to L. Pat. R. 4.2(c)** <br><br> Intrinsic Evidence <br> • Evidence cited or relied upon by Teva in its December 12, 2024 identification of | |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|-----|-----|-----|-----|-----|
|  |  |  |  | preliminary claim constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b).<br>• Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and December 20, 2024 identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c).<br><br>Extrinsic Evidence<br>• Evidence cited or relied upon by Teva in its December 12, 2024 identification of preliminary claim constructions and supporting |  |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | evidence pursuant to L. Pat. R. 4.2(a)-(b). <br>• Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and December 20, 2024 identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c). <br>• Defendant's Non-Infringement Contentions, including materials cited. <br>• Defendant's Invalidity Contentions, including materials cited. <br>• Defendant's Notice Letter. | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <ul><li>Defendant's Interrogatory Responses.</li><li>Expert opinions and/or testimony regarding how a person of ordinary skill in the art would understand the meaning of this term based on the disclosures in the patent specification, other intrinsic evidence, and the parties' extrinsic evidence.</li></ul> | |
| 6 | "positioned at opposite ends of the inside surface of the main body to face each other"<br><br>'289 patent, claim 7<br><br>'587 patent, claim 7 | Consistent with the Court's *Markman* Opinion in 20-cv-10172 (D.N.J.) (D.E. 217 at 9-10), Teva proposes that no construction is necessary for this term.<br><br>To the extent the Court finds a construction is | Located at two points of the inside surface, and either perpendicular to the inside surface, or with a maximal distance from each other | The '289 patent, including:<br><ul><li>Claim 7</li><li>Abstract</li><li>6:50-67</li><li>7:1-10</li><li>10:47-58</li><li>11:4-12:8</li><li>12:54-13:2</li><li>13:23-39</li><li>15:33-16:3</li></ul> | '289 patent, including, but not limited to:<br><ul><li>Figs. 2, 7,</li><li>6:34-67</li><li>9:15-34.</li><li>15:33-16:3</li></ul>'587 patent, including, but not limited to those corresponding to the |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | necessary, Teva proposes: "located on opposite sides from one another on the inside surface of the main body, and extending outwardly from the inner wall towards each other" | | • Figs. 1, 3A-3B, 7A-7D <br><br> The '587 patent, including: <br> • Claims 7, 18, 22 <br> • Abstract <br> • 6:54-7:4 <br> • 7:5-14 <br> • 10:48-58 <br> • 12:56-13:4 <br> • 13:25-41 <br> • 15:34-16:4 <br> • 18:30-34 <br> • Figs. 1, 3A-3B, 7A-7D <br><br> Prosecution file history of U.S. Application No. 14/103,324, including: <br> • Original claims (Dec. 11, 2013) <br> • Office action (Aug. 10, 2015) <br> • Amendment and response (Nov. 4, 2015) | '289 patent disclosure listed above <br><br> Prosecution file history of the '289 and '587 patents <br><br> Defendant may also rely on the references cited in the patents-in-suit, as well as prior art discussed during prosecution of the patents-in-suit. Defendant may also rely on any evidence identified by Plaintiffs. <br><br> Contentions: Defendant's Invalidity Contentions, dated September 30, 2024, including any references cited therein <br><br> Extrinsic Evidence: Defendant may introduce testimony from one or more experts supporting the |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <ul><li>Final rejection (Dec. 7, 2015)</li><li>Amendment and response, 1-7 (Mar. 7, 2016)</li><li>Notice of allowance/allowability, 2-3 (May 20, 2016)</li></ul><br>Prosecution file history of U.S. Application No. 13/110,532, including:<ul><li>Original claims (May 18, 2011)</li><li>Office action (June 28, 2013)</li><li>Amendment and response (Sept. 26, 2013)</li></ul><br>Joint Claim Construction and Prehearing Statement, ECF No. 102-1, at Ex. A, 11-15, *Teva Branded Pharm. Prods. R&D, Inc. v.* | this claim term. Pursuant to L. Pat. R. 4.5, Defendant may provide any expert certifications and/or declarations with its opening and/or responding Markman briefs. The expert(s) may offer opinions as to the technology, state of the art, and the meaning of this claim term as it would have been understood by a person of ordinary skill in the art at the time the asserted patents were filed, consistent with Defendant's proposal, the intrinsic record, and other extrinsic evidence known to the expert and other experts in the relevant field such as scientific publications, treatises, and/or dictionaries. The expert(s) may also |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|---|---|---|---|---|
|     |   |   |   | *Cipla Ltd.*, No. 20-10172 (D.N.J. July 6, 2021)<br><br>Markman Opinion, ECF No. 217, at 9-10, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20-10172 (D.N.J. Nov. 11, 2022)<br><br>Markman Order, ECF No. 218, at 2, *Teva Branded Pharm. Prods. R&D, Inc. v. Cipla Ltd.*, No. 20-10172 (D.N.J. Nov. 11, 2022)<br><br>**Additional Evidence Identified Pursuant to L. Pat. R. 4.2(c)**<br><br>Intrinsic Evidence<br>• Evidence cited or relied upon by Teva in its December 12, 2024 identification of | provide opinions to rebut the opinions of Plaintiffs' expert(s). |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|----------------------------------|-----------------------------------|------------------------------------|----------------------|----------------------|
|     |                                  |                                   |                                    | preliminary claim constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b). <ul><li>Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and December 20, 2024 identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c).</li></ul> Extrinsic Evidence <ul><li>Evidence cited or relied upon by Teva in its December 12, 2024 identification of preliminary claim constructions and supporting</li></ul> |                      |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | evidence pursuant to L. Pat. R. 4.2(a)-(b). <br> • Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and December 20, 2024 identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c). <br> • Defendant's Non-Infringement Contentions, including materials cited. <br> • Defendant's Invalidity Contentions, including materials cited. <br> • Defendant's Notice Letter. | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | • Defendant's Interrogatory Responses. <br> • Expert opinions and/or testimony regarding how a person of ordinary skill in the art would understand the meaning of this term based on the disclosures in the patent specification, other intrinsic evidence, and the parties' extrinsic evidence. <br> • Merriam-Webster's Collegiate Dictionary 411, 870-71 (11th ed 2003) [TEVAPRO_00777 324; TEVAPRO_00777 416] <br> • The American Heritage Dictionary of the English | |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | Language 1237 (5th ed. 2018) [TEVAPRO_00777 410]<br>• The Merriam-Webster Dictionary 162, 348-49 (New ed. 2005) [TEVAPRO_00777 331; TEVAPRO_00777 424]<br>• New Oxford American Dictionary 1231 (3rd ed. 2010) [TEVAPRO_00777 430]<br>• Webster's Third New International Dictionary of the English Language Unabridged 747-48, 1583 (2002) [TEVAPRO_00777 345; TEVAPRO_00777 440] | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | • Random House Webster's Unabridged Dictionary 1359 (2nd ed. 2001) [TEVAPRO_00777435] <br> • Webster's New World College Dictionary 469 (4th ed. 1997) [TEVAPRO_00777339] <br> • Random House Webster's College Dictionary 430 (1998) [TEVAPRO_00777334] | |
| 7 | "indicated a count" <br><br> '156 patent, claim 1 | Plain and ordinary meaning in view of the claims, specification, and prosecution history, which is: <br><br> "indicated a dose of medicament has been fired" | Showed a numeric value of the exact doses remaining in the canister to the user | The '156 patent, including: <br> • Claims 1-11, 13 <br> • Abstract <br> • 1:19-23 <br> • 1:25-2:67, including WO 98/028033, EP-A- | *Same as the evidence for the "a dose counter" term, above.* |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | 1486227, WO 2008/119552<br>• 4:30-5:13<br>• 5:26-58<br>• 6:20-58<br>• 7:26-35<br>• 7:61-8:4<br>• 8:27-47<br>• 9:12-49<br>• 10:47-58<br>• 11:5-12:8<br>• 12:15-39<br>• 13:12-24<br>• 13:42-54<br>• 14:27-61<br>• 15:15-33<br>• 16:55-17:11<br>• 19:1-18<br>• 20:14-21:32, including EP-A-1330280<br>• Figs. 1-26<br><br>Prosecution file history of U.S. Application No. 14/699,567, including: | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|------|------|------|------|------|
| | | | | <ul><li>Original claims (April 29, 2015)</li><li>Office action (June 17, 2016)</li><li>Amendment and response (Sep. 9, 2016)</li><li>Office action (Oct. 20, 2016)</li><li>Amendment and response (Feb. 21, 2017)</li><li>Office action (May 22, 2017)</li><li>Amendment and response (Aug. 22, 2017)</li><li>Office action (Sep. 13, 2017)</li><li>Amendment and response (March 13, 2018)</li><li>Notice of allowance/allowability (May 31, 2018)</li></ul>**Additional Evidence Identified Pursuant to L. Pat. R. 4.2(c)** | |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <u>Intrinsic Evidence</u><br>• Evidence cited or relied upon by Teva in its December 12, 2024 identification of preliminary claim constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b).<br>• Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and December 20, 2024 identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c).<br><br><u>Extrinsic Evidence</u> | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <ul><li>Evidence cited or relied upon by Teva in its December 12, 2024 identification of preliminary claim constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b).</li><li>Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and December 20, 2024 identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c).</li><li>Defendant's Non-Infringement Contentions, including materials cited.</li></ul> | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <ul><li>Defendant's Invalidity Contentions, including materials cited.</li><li>Defendant's Notice Letter.</li><li>Defendant's Interrogatory Responses.</li><li>Expert opinions and/or testimony regarding how a person of ordinary skill in the art would understand the meaning of this term based on the disclosures in the patent specification, other intrinsic evidence, and the parties' extrinsic evidence.</li></ul> | |
| 8 | "incrementally" '808 patent, claim 1 | Plain and ordinary meaning in view of the claims, specification, | Adding to or decreasing, but in one direction, the count | The '808 patent, including:<ul><li>Claims 1, 6</li><li>Abstract</li></ul> | *Same as the evidence for the "a dose counter" term and the* |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|-----|----------------------------------|-----------------------------------|-----------------------------------|----------------------|----------------------|
|     |                                  | and prosecution history, which is: "in regulated amounts" | with each firing of the canister | • 2:44-3:10<br>• 4:1-6<br>• 4:26-50<br>• 8:13-15<br>• 8:57-9:3<br>• 11:4-12:10<br>• 13:11-24<br>• 13:42-54<br>• 19:1-44<br>• 19:60-66<br>• Figs. 1-26<br><br>Prosecution file history of U.S. Application No. 15/262,818, including:<br>• Original claims (Sep. 12, 2016)<br>• Non-final rejection (December 16, 2016)<br>• Amendment and response (March 15, 2017)<br>• Office action (April 11, 2017)<br>• Reply to office action (July 6, 2017) | *"indicated a count" term, above.* |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | <ul><li>Office action (July 19, 2017)</li><li>Reply to office action (Oct. 17, 2017)</li><li>Advisory action before the filing of an appeal brief (Oct. 25, 2017)</li><li>Appellant's brief (May 21, 2018)</li><li>Examiner's answer to appeal brief (Aug. 7, 2018)</li><li>Reply brief (Oct. 4, 2018)</li><li>Patent board decision (Sep. 20, 2019)</li><li>Notice of allowance/allowability (October 2, 2019)</li></ul><br>Prosecution file history of U.S. Application No. 13/110,532, including: | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | • Original claims (May 18, 2011)<br>• Office action (June 28, 2013)<br>• Amendment and response (September 26, 2013)<br><br>**Additional Evidence Identified Pursuant to L. Pat. R. 4.2(c)**<br><br><u>Intrinsic Evidence</u><br>• Evidence cited or relied upon by Teva in its December 12, 2024 identification of preliminary claim constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b).<br>• Evidence cited or relied upon by Defendant, including the | |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | materials cited in Defendant's December 12 and December 20, 2024 identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c).<br><br>Extrinsic Evidence<br>• Evidence cited or relied upon by Teva in its December 12, 2024 identification of preliminary claim constructions and supporting evidence pursuant to L. Pat. R. 4.2(a)-(b).<br>• Evidence cited or relied upon by Defendant, including the materials cited in Defendant's December 12 and | |

| No. | Claim Term<br><br>Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | December 20, 2024 identifications of constructions and evidence pursuant to L. Pat. R. 4.2(a)-(c).<br>• Defendant's Non-Infringement Contentions, including materials cited.<br>• Defendant's Invalidity Contentions, including materials cited.<br>• Defendant's Notice Letter.<br>• Defendant's Interrogatory Responses.<br>• Expert opinions and/or testimony regarding how a person of ordinary skill in the art would understand the meaning of this term based on the | |

| No. | Claim Term Patent(s) / Claim(s) | Plaintiffs' Proposed Construction | Defendant's Proposed Construction | Plaintiffs' Evidence | Defendant's Evidence |
|---|---|---|---|---|---|
| | | | | disclosures in the patent specification, other intrinsic evidence, and the parties' extrinsic evidence. | |